# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | |
|---|---|
| **MACK L. KERN** ) | |
| Plaintiff, ) | Civil Action No. 2:10cv00079 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **MICHAEL J. ASTRUE**, ) | |
| **Commissioner of Social Security**, ) | By: Pamela Meade Sargent |
| Defendant. ) | United States Magistrate Judge |

The plaintiff in this social security case seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d) (West 2006 & Supp. 2011) (Docket Item No. 18) ("Motion"). Based on the reasoning set out below, the Motion will be granted, but attorneys' fees in a reduced amount will be awarded.

Mack L. Kern filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq*. (West 2003 & Supp. 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, on November 14, 2011, the undersigned recommended remanding Kern's claims pursuant to sentence four of 42 U.S.C. § 405(g). (Docket Item No. 16). This recommendation

1

was adopted by the district judge, the Commissioner's decision denying benefits was vacated, and the claims were remanded for further evaluation. (Docket Item No. 17). Counsel for Kern has filed a petition seeking approval of a fee of $2,156.25 for representing Kern in this court. The Commissioner does not object either to the award of attorneys' fees or to the amount requested. (Docket Item No. 20).

Under the EAJA, the court must award attorneys' fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. *See* 28 U.S.C.A. § 2412(d)(1)(A) (West 2006 & Supp. 2011). Here, the plaintiff is the "prevailing party" because the court remanded the case pursuant to "sentence four" of 42 U.S.C.A. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The government has the burden of showing that its position was justified. *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorneys' fees unjust in this case, I find that the plaintiff is entitled to an award of EAJA fees. However, for the reasons that follow, I will award a fee in an amount less than that sought by Kern's counsel.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a

2

higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West 2006).

Kern's counsel has submitted a sworn, itemized record of his time expended in this case, showing a total of 17.25 hours. (Docket Item No. 18). Despite the fact that some of the entries clearly involved clerical duties, there is no indication that any of these services were performed by nonattorneys, such as secretaries or legal assistants, and the full hourly rate is sought for all of the activities enumerated.

As stated above, the Commissioner has not objected either to the award of attorneys' fees or to the amount sought. (Docket Item No. 20). However, using this court's fairly recent case of *Chapman v. Astrue* as guidance, I find that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (quoting *Cook v. Brown* 68 F.3d 447, 453 (Fed. Cir. 1995)). As further stated by this court in *Chapman*, "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." 2009 WL 3764009, at *1 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)).

Keeping these principles in mind, an examination of the itemized record

3

submitted by counsel makes clear that some of the time should be reduced in rate or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 2.25 hours for preparation of a letter, original and four copies of the Complaint, civil cover sheet and IFP application. Plaintiff's counsel further claims .25 hour for receipt and review from this court of the order granting IFP. As this court noted in *Chapman*, such documents are forms routinely submitted by plaintiff's counsel to this court. Additionally, the order granting IFP is one page in length. Therefore, the time to review it should be minimal. That being the case, I will reduce these combined entries to 1.00 hour of paralegal time and .25 hour of attorney time. Plaintiff's counsel also is claiming .25 hour for completion of service to the United States Attorney, Attorney General and General Counsel. As this is a purely clerical task, I will allow .25 hour of paralegal time for this activity. Plaintiff's counsel claims .50 hour for calling this court and the Social Security Administration, ("SSA"), to confirm the plaintiff's first name in response to an e-mail from this court. I will allow .25 hour of paralegal time for this activity. Plaintiff's counsel claims .50 hour for receipt of the Commissioner's Answer and Notice of Filing and the magistrate judge's notice of right to consent and for the preparation of a letter to this court with plaintiff's signed consent to the magistrate judge's jurisdiction. Plaintiff's counsel further claims 2.25 hours for review of the Transcript and time spent outlining his brief. The magistrate's consent form is one page in length and is a standard document routinely reviewed and completed by plaintiff's counsel. Therefore, I will allow 2 hours of attorney time and .25 hour of paralegal time for these activities combined. Next, plaintiff's counsel claims .25 hour for receipt of the briefing order and calendaring the appropriate date. As this is purely a clerical task, I will allow .25 hour of paralegal time. Plaintiff's counsel

4

claims 1 hour for review and preparation for his brief and 4.25 hours for review and preparation of research, drafting the summary judgment brief, review of the case in detail and filing the brief. However, as this court stated in *Chapman*, "[i]n the present context, the organization of a client's medical records is a routine and rote task. Although potentially more time consuming when performed by a nonlawyer, this task is easily handled by nonattorney staff under supervision. The benefit of a lower hourly rate should therefore accrue to the client." 2009 WL 3764009, at *2. Therefore, I will allow 3 hours of attorney time and 1 hour of paralegal time for these activities. Plaintiff's counsel claims 1 hour for receipt and review of the Commissioner's motion for summary judgment and supporting brief. I will allow the attorney time requested. Plaintiff's counsel claims .50 hour for receipt of the notice of referral to the magistrate judge. This notice is one page in length and is a document routinely reviewed by plaintiff's counsel and staff. I will allow .25 hour of paralegal time for this activity. Plaintiff's counsel claims 1 hour for receipt and review of this court's Report and Recommendation. I will allow the attorney time requested. Plaintiff's counsel claims 1 hour for receipt and review of this court's order accepting the Report and Recommendation and remanding Kern's claims for further evaluation. As plaintiff's counsel already had reviewed the Report and Recommendation, the time required to review the order adopting the same should be minimal. I will allow .25 hour of attorney time for this activity. Lastly, plaintiff's counsel claims 2.25 hours for preparation of the EAJA motion, reviewing the file in detail, gathering times and dates and revising the EAJA motion. Again, EAJA petitions are documents routinely submitted by plaintiff's counsel to this court. Gathering times and dates from the plaintiff's file is a clerical task. Therefore, I will allow 1 hour of paralegal time and .25 hour of attorney time for these tasks.

5

Based on the above reasoning, I will not award the $2,156.25 in attorneys' fees as requested. Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There are a total of 7.75 hours of attorney time compensable at the $125 per hour attorney rate, for a total of $968.75 in compensable attorney time. The remaining nonattorney activities total 4.25 hours. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour)). That being the case, the nonattorney time charges in this case total $318.75. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of $1,287.50.[1]

For the foregoing reasons, the Motion will be granted, but attorneys' fees under the EAJA will be awarded to plaintiff's counsel in the reduced amount of $1,287.50 . Although this court's past practice has been to order that attorneys' fees be paid directly to plaintiff's counsel, the Fourth Circuit has ruled that "[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009). On June 14, 2010, the Supreme Court also held that such attorneys' fees are to be paid to the prevailing party. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (U.S. 2010). Thus, attorneys' fees in the amount of $1,287.50 will be paid directly to the plaintiff and

---

[1] Plaintiff's counsel initially requested a fee of $2,156.25, reflecting a total of 17.25 hours at $125 per hour. Although the Commissioner does not object to the requested amount of attorneys' fees, this court is obligated under the EAJA to determine the proper fee. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990).

sent to the business address of plaintiff's counsel.

ENTER: January 11, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

7

8